UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

      Plaintiff,

v.

NEPTUNE CIGARS, INC.,
a Florida for-profit corporation,

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, WINDY LUCIUS, ("Plaintiff"), hereby sues the Defendant, NEPTUNE CIGAR a Florida for-profit corporation, for Injunctive Relief, and attorney's fees, damages, litigation expenses, and costs pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act or RA").

1.     Plaintiff  is a Florida resident, lives in Miami-Dade County, is *sui juris*, and is otherwise qualified as an individual with disabilities as defined by the RA. Plaintiff is blind and therefore, unable to fully engage in and enjoy the major life activity of seeing.

2.     Plaintiff also utilizes the internet. Plaintiff is unable to read computer materials and/or access and comprehend internet website information without software specially designed for the visually impaired. Specifically, Plaintiff utilizes the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") utilized worldwide.

3.     Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining

whether recipients of federal financial assistance and/or their websites are in compliance with the RA. Plaintiff is an otherwise qualified individual with a disability who has been denied the benefits of a program or activity receiving federal financial assistance. 29 U.S.C. Section 794(a).

## JURISDICTION AND VENUE

4.      Plaintiff is expressly authorized to bring this action under the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and 794a(a)(2) and (b)(3)(A), and under Section 505 of the RA which enforces Section 504 of the RA, 29 U.S.C. Section 794 and 794a incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d *et. seq.*

5.      Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of the RA.

7.      Defendant owns, leases, leases to, or operates a business that is a recipient of federal financial assistance in Miami-Dade. *See Exhibit A.*

## FACTS

8.      Subsequent to the effective date of the RA, Defendant constructed, or caused to be constructed, a website located at http://www.neptunecigar.com/ (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced retail store. This website provides information about Defendant's retail store, including information about the special sales, goods, services, accommodations, privileges, benefits and facilities available to patrons at physical locations. The website also allows customers to make purchases online. On

information and belief, Defendant also continually and/or periodically updates and maintains the website.

9.      The website is an extension of Defendant's retail business. By and through this website, Defendant extends its retail business into individual persons' homes, portable devices and personal computers wherever located. The website is a "program or activity" of Defendant's business. The website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the retail business. For example, the website provides a list of items available for sale in the brick and mortar stores, and the ability to purchase items to be shipped and to track your order once a purchase has been made. Like many people, Plaintiff would like to pre-shop the Defendant's stores to determine whether certain items are available at the stores before she leaves home and whether the items are "on sale". She would like to take advantage of special sales in store that she would only know about from the website. Defendant's website provides access to benefits of Defendant's physical stores and Plaintiff was denied those benefits when she could not access Defendant's website Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and she continues to be unable to enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by SRS. More specifically, features of the website that are inaccessible to the visually impaired include, but are not limited to, the following: The promotional image showing six premium cigars for $35 is not labeled. This is announced as an unlabeled graphic. None of the menu items are in the Tab order. Each menu item is an interactive elements that expands to show additional links. Screen reader users that navigate by the Tab key will not hear any of these menu items. Skip navigation is not available. The Add to Cart button label changes to read Checkout and the button color changes from green to yellow to inform users that the product was successfully

added to the cart but none of the visual cues are announced to screen reader users. They do not

hear any of the confirmations which are shown onscreen. The pagination section is not labeled.

Users first hear the unlabeled left navigation arrow as "Cigars Dash Sort Equals B S N & B Equals

12 Dot Dot Dot." Then each page number is announced only as "1 link" for example. Users do not

hear that they are on the pagination section and the unlabeled left and right navigation buttons

create further confusion. The Cigar Autopsy 101 image, shown in the Cigar Tutorial section,

contain embedded text that is not announced to screen reader users. The image label is announced

but the image, including the arrows pointing to specific components and the corresponding text

definitions are not available to blind users.

10.     Plaintiff continues to attempt to utilize the website and/or plans to continue to

attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the

website in the near future, as a tester, to ascertain whether it has been updated to interact properly

with screen reader software.

### <u>COUNT I - VIOLATION OF THE REHABILITATION ACT</u>

11.     As more specifically set forth above, Defendant has violated the RA by failing to

interface its website with software utilized by visually impaired individuals.  Thus, Defendant has

violated the following provisions either directly or through contractual, licensing or other

arrangements with respect to Plaintiff and other similarly situated individuals solely by reason of

their disability:

        a.      By excluding Plaintiff from participation in and denying her the benefits of

or subjecting her to discrimination under any program or activity receiving Federal financial

assistance, Defendant has violated the RA;

        b.      Congress enacted the RA to enforce the policy of the United States that all

programs, projects and activities receiving federal assistance ". . .be carried out in a manner consistent with the principles of . . . inclusion, integration and full participation of the individuals [with disabilities]." 29 U.S.C. Section 701 (c)(3);

c.     Defendant is a recipient of federal financial assistance bringing it under the RA which prohibits discrimination against qualified or otherwise qualified individuals in the recipient's "programs or activities";

d.     Section 504 of the RA prohibits recipients of federal funding from discriminating against disabled persons and requires that facilities, programs or activities operated by a federally funded entity be readily accessible to persons with disabilities;

e.     The RA defines "program or activity" as all of the operations of the entire corporation, partnership, or other private organization, or sole proprietorship as a whole which receives and distributes federal financial assistance.  Defendant's website and its content is a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b)(3)(A);

f.     Plaintiff was denied access to Defendant's website solely by reason of her disability.  This denial of access to Defendant's "program or activity" subjected Plaintiff to discrimination, excluded Plaintiff from participation in the program or activity and denied Plaintiff the benefits of Defendant's website, a service available to those persons who are not blind.  As of this filing, the website remains inaccessible to qualified or otherwise qualified persons;

g.     The international website standards organization, WC3, has published widely-accepted guidelines ("WCAG 2.0 and WCAG 2.1 AA") for making digital content accessible to individuals with disabilities.  These guidelines have been endorsed the United States Department of Justice and by Federal Courts and the United States Access Board; and,

h.      Defendant has engaged in unlawful practices in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 since it launched its website.  These practices include but are not limited to denying Plaintiff, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by Defendant..

12.      Defendant has acted with deliberate indifference to the provisions of the Rehabilitation Act in regards to the unlawful practices described herein because Defendant is fully aware that the inaccessible features of its website and has failed to remediate the website to make it equally accessible to persons with vision disabilities.  Defendant knew that harm to a federally protected right was substantially likely and it failed to act on that likelihood when it failed to remediate its website.  Defendant knew this, and on information and belief, a person with authority to order the remediation of the website, made a deliberate choice to continue to offer the inaccessible website to its customers and potential customers knowing that the website is inaccessible to the blind.

13.      Plaintiff would like to be a customer at Defendant's brick and mortar location but before she goes to the store, she would like to determine what is available for her purchasing, what promotions are being offered and what new items are currently available.  In that regard, Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website on a monthly basis to make selections for purchasing online or in the store.

14.      Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless she is willing to suffer additional discrimination.

15.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the benefits of the programs and activities available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to attempt to utilize the website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same store or website readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives plaintiff the participation in and benefits of its programs and activities.

16.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the RA.

17.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the RA with respect to this website as described above. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the RA by the Defendant. Plaintiff desires to access the website to avail herself of the benefits, therein, and/or to assure herself that this website is in compliance with the RA so that she and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

18.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the RA as requested herein.

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 29 U.S.C. § 794 a.

20.     As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and litigation expenses paid by Defendant pursuant to 29 U.S.C. § 794a.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of the Rehabilitation Act;

b.     The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of the Rehabilitation Act *et seq.*;

c.     The Court issue a Declaratory Judgment that Defendant has violated the RA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

d.     That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by the Rehabilitation Act;

e.     That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.     That this Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.    An award of attorney's fees, costs and litigation expenses pursuant to 29 Section 794a.; and,

h.    Such other relief as the Court deems just and proper, and/or is allowable under the Rehabilitation Act.

Dated: May 21, 2021

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com

9